# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM MOSHE NEYMAN,<br><br>            Plaintiff,<br><br>   v.<br><br>KEN CLARK,<br><br>            Defendant.<br>_____/ | CASE NO. 1:08-cv-01514-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 11)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |

**Screening Order**

**I.    Procedural History**

Plaintiff Maksim Moshe Neyman is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42-U.S.C. § 2000cc 1 (the Religious Land Use and Institutionalized Persons Act of 2000). Plaintiff, who is incarcerated at California Substance Abuse Treatment Facility in Corcoran, California, filed this action on October 8, 2008. Plaintiff alleged a claim against Warden Ken Clark for violation of the Eighth Amendment of the United States Constitution arising from prison officials' failure to provide him with a circumcision for religious purposes.

On October 17, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on November 10, 2008, and on March 27, 2009, the Court dismissed Plaintiff's Eighth Amendment claim, with prejudice, for failure to state a claim, and dismissed Plaintiff's First Amendment and RLUIPA claims, with leave to amend.

1 Plaintiff was cautioned he was being given one final opportunity to amend. Plaintiff filed his second
2 amended complaint on April 13, 2009.

**II. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III. Plaintiff's Claims**

In his second amended complaint, Plaintiff alleges that his religious rights under the First Amendment and RLUIPA are being violated by the failure to provide him with a circumcision. Plaintiff seeks an order requiring the California Department of Corrections and Rehabilitation take him to the hospital for a circumcision, or the appointment of a religious lawyer to assist him.

///
///

### A. Appointment of Counsel

First, Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, given that Plaintiff has not alleged sufficient facts to state a claim, the Court cannot find that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff lacks the capability to articulate his claims. <u>Id.</u>

### B. First Amendment and RLUIPA Claims

The Court provided Plaintiff with the applicable legal standards, and instructed Plaintiff on the need for him to link Defendant Clark to the alleged violation of his rights under the First Amendment and RLUIPA. Despite these detailed instructions, provided in plain language given Plaintiff's layman status, Plaintiff provided a conclusory one sentence statement of his legal claims, and neglected to link any acts or omissions to Defendant Clark or anyone else. The Court finds Plaintiff has not alleged sufficient facts to state a claim for violation of his rights under the First Amendment or RLUIPA.

///

## IV. Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted against Defendant Clark. Plaintiff was twice given leave to amend to cure the deficiencies in his claims, but was unable to do so. The Court finds that leave to file a third amended complaint is not warranted, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and HEREBY DISMISSES this action, with prejudice, for failure to state a claim.

The Clerk of the Court SHALL enter judgment in this case.

IT IS SO ORDERED.

**Dated:** **April 17, 2009**        /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE